IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs November 2, 2004

**STATE OF TENNESSEE v. JAMES ROBERT DAVIS**

**Appeal from the Criminal Court for Tipton County**
**No. 4520   Joseph H. Walker, III, Judge**

_____

**No. W2003-02362-CCA-R3-CD  - Filed February 24, 2005**

_____

The appellant, James Robert Davis, was convicted by a jury of felony murder and aggravated robbery. He was sentenced by the jury to life without the possibility of parole on the felony murder conviction and by the trial court to a twenty-year sentence on the aggravated robbery conviction, to be served consecutively to the life sentence. The appellant appeals, arguing that: (1) the trial court erred in admitting statements of the victim as excited utterances; (2) the trial court erred by admitting tape recordings of the appellant's telephone calls from the jail; (3) the evidence at trial was insufficient to support the convictions; and (4) the evidence at trial did not clearly establish the cause of the victim's death. For the following reasons, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Trial Court is Affirmed.**

JERRY L. SMITH, J., delivered the opinion of the court, in which ROBERT W. WEDEMEYER and J. C. McLIN, JJ., joined.

Charles E. Waldman, Memphis, Tennessee, (on appeal) and Frank Deslaunies, Covington, Tennessee (at trial) for the appellant, James Robert Davis.

Paul G. Summers, Attorney General & Reporter; Rachel E. Willis, Assistant Attorney General; Elizabeth T. Rice, District Attorney General, and Walt Freeland, Assistant District Attorney General, for the appellee, State of Tennessee.

# OPINION

## Factual Background

On Sunday, September 22, 2002, Kathryn Glass went to church while her husband, eighty-five-year-old Edward Glass, the victim in this case, stayed at their home in Atoka, Tennessee on Wilkinsville Road in Tipton County. Shortly before noon, the appellant and LaJune Smith pulled into the victim's driveway in a light brown or champagne-colored extended cab pick-up truck. The victim was outside of his home at the time and walked toward the truck to see what the appellant needed. The appellant got out of the driver's side of the truck and asked the victim for change for a five dollar bill. As the victim removed his wallet, the appellant hit him in the face with his fist, knocking the victim to the ground. The appellant grabbed the victim's wallet and left in the truck. The wallet was found a short time later on the side of the road near the victim's home.

Michael Lantrip, the victim's son-in-law, was mowing the lawn next door to the victim's residence when he saw the truck pull into the driveway. Mr. Lantrip did not see the appellant strike the victim. Mr. Lantrip later saw the victim staggering toward him, looking dazed. The victim was bleeding and had a large gash on the side of his face. Mr. Lantrip took the victim inside his home and called 911. Mr. Lantrip also notified several of the victim's children about the incident.

Deputy Robert Akers of the Tipton County Sheriff's Department responded to the 911 call. When he arrived, medical personnel were already on the scene and the victim's wife had arrived home from church. Deputy Akers interviewed the victim, noting that he had a facial injury and blood on his coveralls. The victim described the incident to Deputy Akers and gave a description of the assailant. Because the victim could not read or write, his daughter, Jean Ballard, wrote out the victim's responses to Deputy Akers' questions. Mrs. Glass also witnessed the interview and transcription of the statement. Mrs. Glass signed her husband's name to the written statement upon its completion.

The victim declined medical treatment at his residence. Shortly after the ambulance left, the victim began to feel worse, complaining of a headache and nausea. A second ambulance was called to the victim's residence and the victim was taken to the hospital where he lost consciousness, slipped into a coma, and died three days later. Dr. O.C. Smith performed an autopsy on the victim and determined that the cause of death was blunt trauma to the head which caused an accumulation of blood inside the skull as well as swelling of the brain.

On September 26, 2002, LaJune Smith, the appellant's girlfriend, was arrested and charged with felony murder and aggravated robbery. She gave a statement in which she implicated her boyfriend, the appellant. The appellant was subsequently arrested and, at the time of his arrest, complained of an injury to his hand.

In November of 2002, the appellant was indicted by the Tipton County Grand Jury on one count of felony murder and one count of aggravated robbery. The appellant was held at the Tipton County Correctional Facility prior to trial. While incarcerated, the appellant made several phone calls to his mother during which he made incriminating statements about the incident. The telephone calls were monitored and recorded pursuant to the Sheriff's Department's policy. All prisoners are notified of the policy prior to each telephone call by a recorded message.

After a jury trial, the appellant was convicted of felony murder and aggravated robbery. He was sentenced by the jury to life without the possibility of parole on the felony murder conviction and by the trial court to a twenty-year sentence on the aggravated robbery conviction, to be served consecutively to the life sentence. The appellant appeals, arguing that: (1) the trial court erred by admitting statements of the victim as excited utterances; (2) the trial court erred by admitting tape recordings of the appellant's telephone calls from the jail; (3) the evidence at trial was insufficient to support the convictions; and (4) the evidence at trial did not clearly establish the cause of the victim's death.

## Victim's Statement as Excited Utterance

The appellant argues on appeal that the trial court erred in allowing the victim's statement to be admitted as an excited utterance exception to the rule against hearsay pursuant to Tenn. R. Evid 803(2). Specifically, he contends that the statement, which was made orally to the deputy, shortly after the attack, transcribed by the victim's daughter, and signed by the victim's wife, on the victim's behalf, was not an excited utterance. The State counters that the appellant waives the issue due to his failure to cite any authority for his claim. We agree.

Tennessee Rule of Appellate Procedure 27(a)(7) provides that a brief shall contain "[an] argument . . . setting forth the contentions of the appellant with respect to the issues presented, and the reasons therefor, including the reasons why the contentions require appellate relief, with citations to the authorities and appropriate references to the record . . . relied on." Tennessee Court of Criminal Appeals Rule 10(b) states that "[i]ssues which are not supported by argument, citation to authorities, or appropriate references to the record will be treated as waived in this court." See also State v. Sanders, 842 S.W.2d 257 (Tenn. Crim. App. 1992) (determining that issue was waived where defendant cited no authority to support his complaint). The appellant fails to cite any authority for his claim. Therefore, this issue is waived.

Moreover, the appellant's argument seems to be that during the short elapse of time between the attack on the victim and the statement given to the deputy who answered the 911 call the victim had calmed down and therefore was no longer under the stress of the exciting event which precipitated the statement. However, elapse of time alone is not evidence in and of itself sufficient to conclude that the effects of a startling event have passed. See State v. Stout, 46 S.W.3d 689, 700 Tenn. 2001). The record in this case shows that when the statement was made, the deputy had responded in a short time following the attack. The victim was injured and bleeding from the attack

and had only returned to coherency a short time before. The decision to admit this statement was one entrusted to the trial court's discretion. Id. We find no abuse of that discretion here.

## Admission of Taped Phone Calls

The appellant also argues on appeal that the trial court erred in admitting tape recordings of his telephone calls from jail to his mother in which he made incriminating statements. Specifically, the appellant argues that the recordings were prejudicial and that the trial court should not have allowed a transcript of the recordings to be published to the jury. Again, the appellant fails to cite any authority for his claim as required by Tennessee Rule of Appellate Procedure 27(a)(7) and Court of Criminal Appeals Rule 10(b). This issue is waived.

## Evidence of Cause of Death

The appellant next argues that the victim's cause of death was not clearly established at trial. He insinuates that the victim's death could have been caused by pre-existing medical conditions or a lack of appropriate medical treatment at the time of the incident. The State argues that the appellant has waived the issue for failure to raise it in a motion for new trial and failure to cite any authority to support his claim.

Tennessee Rule of Appellate Procedure 3(e) provides that "in all cases tried by a jury, no issue presented for review shall be predicated upon error in the admission or exclusion of evidence, jury instructions granted or refused, . . . or other ground upon which a new trial is sought, unless the same was specifically stated in a motion for new trial; otherwise such issues will be treated as waived." This Court has repeatedly determined that the failure to include an issue in a motion for new trial results in a waiver of all issues which, if found to be meritorious, would result in the granting of a new trial. See State v. Keel, 882 S.W.2d 410 (Tenn. Crim. App. 1994). The appellant's failure to raise this issue in a motion for new trial results in a waiver of this issue on appeal. Further, the appellant again fails to cite any authority for his claim as required by Tennessee Rule of Appellate Procedure 27(a)(7) and Court of Criminal Appeals Rule 10(b). This issue is waived.

## Sufficiency of the Evidence

Lastly, the appellant contends that the evidence was insufficient to convict him "in terms of witness credibility." Specifically, the appellant challenges the testimony of LaJune Smith, arguing that she "lied under oath repeatedly at the preliminary hearing." The appellant also challenges the credibility of witnesses Michael Lantrip and Dr. O.C. Smith. The State argues that the appellant waives this issue by failing to cite any authority for his claim.

While we agree with the State that the appellant fails to cite any authority for this claim, we nevertheless choose to address the sufficiency of the evidence. When a defendant challenges the sufficiency of the evidence, this Court is obliged to review that claim according to certain

well-settled principles. A verdict of guilty, rendered by a jury and "approved by the trial judge, accredits the testimony of the" State's witnesses and resolves all conflicts in the testimony in favor of the state. State v. Cazes, 875 S.W.2d 253, 259 (Tenn. 1994); State v. Harris, 839 S.W.2d 54, 75 (Tenn. 1992). Thus, although the accused is originally cloaked with a presumption of innocence, the jury verdict of guilty removes this presumption "and replaces it with one of guilt." State v. Tuggle, 639 S.W.2d 913, 914 (Tenn. 1982). Hence, on appeal, the burden of proof rests with the defendant to demonstrate the insufficiency of the convicting evidence. Id. The relevant question the reviewing court must answer is whether any rational trier of fact could have found the accused guilty of every element of the offense beyond a reasonable doubt. See Tenn. R. App. P. 13(e); Harris, 839 S.W.2d at 75. In making this decision, we are to accord the State "the strongest legitimate view of the evidence as well as all reasonable and legitimate inferences that may be drawn therefrom." See Tuggle, 639 S.W.2d at 914. As such, this Court is precluded from re-weighing or reconsidering the evidence when evaluating the convicting proof. State v. Morgan, 929 S.W.2d 380, 383 (Tenn. Crim. App. 1996); State v. Matthews, 805 S.W.2d 776, 779 (Tenn. Crim. App. 1990). Moreover, we may not substitute our own "inferences for those drawn by the trier of fact from circumstantial evidence." Matthews, 805 S.W.2d at 779.

At trial, LaJune Smith testified that she was with the appellant on September 22, 2002, when they went to the victim's house "looking to steal something." They were riding in her light brown or champagne GMC Sonoma extended cab pick-up truck. The appellant was the driver. Ms. Smith testified that she saw the appellant talking to the victim in his driveway and that when the appellant got back into the truck he had a wallet in his hand and the victim was sitting on the ground. Ms. Smith claimed that when the appellant learned that the victim had died, he stated that "[h]e didn't think that he had hit him that hard." Ms. Smith admitted that she lied several times during her testimony at the preliminary hearing, but maintained that her testimony at trial was truthful.

The appellant also argues that Mr. Lantrip, the victim's son-in-law, never positively identified the appellant as the perpetrator. At trial, Mr. Lantrip testified that he saw a male and female pull into the victim's driveway in a truck matching the description of the truck that the appellant was driving. Mr. Lantrip described the male and female to the best of his ability. The appellant also challenges the testimony of Dr. O.C. Smith, arguing that the jury should have been informed that he was under federal investigation at the time of trial. After reviewing the appellant's argument, it is clear that the appellant's challenge to the evidence attacks merely the credibility of the witnesses rather than the legal sufficiency of the proof. It is well-established that questions regarding the credibility of the witnesses, the weight and value of the evidence, and any factual issues raised by the evidence are resolved by the trier of fact. State v. Davidson, 121 S.W.3d 600, 614 (Tenn. 2003). It is implicit from the jury verdict that the jury found the witnesses credible. This issue is without merit.

## Conclusion

For the foregoing reasons, the judgment of the trial court is affirmed.

_____

JERRY L. SMITH, JUDGE